E. GRADY JOLLY, Circuit Judge,
concurring in part and dissenting in part.
Because I would hold that no attorneys’ fees are warranted in this case, I respectfully dissent from Part III.B of the opinion. I concur, however, in all other parts of the opinion.
Goerlitz’s private attorneys intervened in this case only to prosecute her state law claims; that is, the claims that the EEOC was not statutorily authorized to pursue on behalf of Goerlitz. Each and every state law claim was rejected. There is nothing in the record to suggest that the EEOC attorneys were not perfectly capable of handling the Title VII claims. Moreover, these were the only ones on which she prevailed. In my view, private attorneys were wholly and completely redundant and unnecessary, and payment of any fees to them constitutes a windfall. I adhere to the position that I earlier expressed, when I wrote for the majority, that “ — absent unusual exceptions not here present — that it is patently ‘redundant’ and ‘unnecessary’ for a private attorney to participate in the litigation of identical claims that are simultaneously being pursued by the government-paid attorneys of the EEOC.” Clear Lake Dodge, 25 F.3d at 272.
For these reasons, I respectfully dissent.